IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT LESTER, #28156-034                                                             PLAINTIFF

VS.                                                              CIVIL ACTION NO. 5:05CV153DCB-JCS

UNITED STATES OF AMERICA                                                              DEFENDANT

REPORT AND RECOMMENDATION

This cause is before the court on the motion of the defendants to dismiss for failure to state a claim or, in the alternative, for summary judgment. The plaintiff, who is proceeding pro se, opposes the motion, and the undersigned, having considered the briefing and record in this matter, recommends that the motion be granted.

BACKGROUND

Plaintiff, who is an inmate at the Federal Correctional Institution, Yazoo City, initiated this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2672 et seq. alleging that he has exhausted his administrative remedies. In his complaint and attachments thereto, plaintiff charges that Bureau of Prison employees negligently failed "to timely, and properly, secure/detain my property and that resulted in it being lost." Plaintiff further affirmatively states: "This is not a claim of loss of the property detained by federal law enforcement officers acting within the scope of their duties."

Although it is not clear from the complaint, having reviewed plaintiff's "Claim for Damage, Injury or Death," submitted in connection with the exhaustion of his FTCA claim,

1

together with exhibits submitted by the government, the following factual scenario gives rise to plaintiff's claim. On Tuesday, December 28, 2004, plaintiff, having been found in possession of contraband, was removed from his regular unit and taken to the special housing unit (SHU). The next day, December 29, 2004, at 8:45 a.m., plaintiff's effects were collected from his unit and inventoried by the staff, that is the his property was "packed out" on December 29, 2004. According to plaintiff, before his property was inventoried by staff much of it was lost or perhaps, stolen. He further claims that on January 6 and 11, 2005, while he remained in disciplinary segregation (DS) due to the rule violation for possession of contraband, the staff allowed someone else to have access to his inventoried property and more property was stolen. Lastly, he claims that while he was still in SHU, the staff "pulled [his] hobby craft supplies and left them improperly secured which resulted in some that property being stolen."

The United States has moved to dismiss, urging among other things, that dismissal is required inasmuch plaintiff cannot prove that his property was ever received by the BOP and thus, cannot prove that a bailment relationship ever existed between the parties. Plaintiff, as the court understands his argument, agrees that the property was never received and instead seeks to hold the government liable for failing to immediately take possession of his property upon his being taken to the SHU. Based on the following, the undersigned concludes that certain of plaintiff's claims are due to be dismissed for lack subject matter jurisdiction and that summary judgment should be denied, with leave to reurge, as to plaintiff's claim related to items which he alleges were lost or stolen before his property was "packed out"/ detained by BOP staff.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), the United States has consented to be sued for "injury or loss of property . . . caused by the negligent or wrongful act or

omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b).  This waiver of sovereign immunity "is jurisdictional in nature so that if the action is barred, the Court lacks subject matter jurisdiction over plaintiff's claim." Johnson v. United States, 2000 WL 968795, *2 (D. Kan. June 27, 2000) (citing Bradley v. United States, 951 F.2d 268, 270 (10th Cir. 1991)).  The Court must strictly construe the waiver in order to prevent its expansion beyond Congress's intent.  Id.

There are, however, exceptions to the waiver of sovereign immunity in the FTCA.  See 28 U.S.C. § 2680 (a) - (n).  One such exception is for

> [a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or *the detention of any goods* or merchandise by any officer of customs or excise or *any other law enforcement officer*.

28 U.S.C. § 2680(c)(emphasis added).

The Fifth Circuit has interpreted the phrase "other law enforcement officer" broadly to hold that "§ 2680(c) exempts from the FTCA's waiver of sovereign immunity any claim based on the detention of goods by any federal law enforcement officers in the performance of their lawful duties." Halverson v. United States, 972 F.2d 654, 656 (5th Cir. 1992).  In Chapa v. United States, the Fifth Circuit concluded that "as defined in [28 U.S.C.] § 2680(c), "a BOP official is a federal law enforcement officer."  339 F. 3d 388, 390 (5th Cir. 2003).

Here, despite plaintiff's averment in his complaint that he was not claiming loss of detained by federal law enforcement officers, it is clear that several of plaintiff's claims of loss arise from a "detention" by BOP staff and thus, are barred by § 2680(c).  Specifically, in the "Claim for Damage, Injury or Death" form which was appended to the complaint, plaintiff

3

charges that BOP staff allowed others to have access to his property on January 5 and 11, 2005. This statement necessarily implies that some of his property was held or "detained" by BOP officials.  Likewise, implicit in his statement in his "Claim for Damage, Injury, or Death" form to the effect that "staff pulled my hobby craft supplies," is an admission that these materials were, indeed "detained" by the BOP.  See Chapa, 339 F. 3d at 390-91 (concluding that a "'detention" [] is generally associated with a period of temporary custody or delay," and having resolved any ambiguity in favor of sovereign immunity, finding that "pursuant to the process of inspection and inventory, BOP officials took temporary custody of and detained Chapa's property"). Accordingly, as these claims fall within the exception contained in § 2680(c), the undersigned recommends dismissal with prejudice.

There remains then, plaintiff's claim that by failing to immediately "pack out" his belongings contemporaneous to his placement in SHU, BOP officials negligently failed to secure his property and thereby exposed it to theft.  In other words, plaintiff charges that BOP staff negligently failed to promptly "detain" his property and should therefore be liable for his loss. As set forth above, the crux of the government's argument is that dismissal is required because plaintiff has failed to state or prove a bailment relationship.  Based on the following, the undersigned recommends that the motion be denied without prejudice.

As the government correctly points out:

> The FTCA, subject to several exceptions, waives the sovereign immunity of the United States, making it liable in tort "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, for certain damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant *in accordance with the law of the place where the act or omission*

*occurred.*" 28 U.S.C. § 1346(b) (emphasis added).

Johnson v. Sawyer, 47 F.3d 716, 727 (5th Cir. 1995).  The government cites West v. Combs, 642 So. 2d 917 (Miss. 1994) for the proposition that, under Mississippi law, a correctional officer in his individual capacity can liable for loss of an inmate's property.  From this, it proceeds to a general pronouncement of the elements of a negligence claim under Mississippi law and then, more specifically, urges "to extent the Government took possession of Lester's property when he was placed in SHU, this can be considered a bailment."  Next, based on an assumption that BOP officers took possession of Lester's property, the government sets out to demonstrate that Lester cannot prove that the BOP received the property in question.  However, as plaintiff has specifically averred that BOP official's failed to take possession of much of his property on December 28, 2004, the day he was placed in SHU, the government's bailment analysis does not support a conclusion that summary judgment is in order.[1]  Accordingly, it is recommended at

---

[1] The court has expended some time attempting to identify from whence a duty to have promptly collected plaintiff's belongings could have arisen.  The undersigned explored whether, under Mississippi law, a correctional officer, that is, someone in nearly identical circumstances as the BOP officers charged with collecting plaintiff's property, would be subject to liability under a negligence theory for having failed to timely collect a prisoner's belongings when the plaintiff has been placed in special housing. See Crider v. United States, 885 F.2d 294, 296 (5th Cir.1989).  Looking for the duty with this level of specificity, the answer to the query is "no."  This is because the Mississippi Torts Claim Act excepts from its general waiver of sovereign immunity, suits against government employees "arising out loss or destruction of property of a [n]...inmate of a state institution."  Miss. Code Ann. § 11-46-9(s).

Interestingly, this conclusion does not necessarily end the search for the source of duty and require dismissal of the claim. In United States v. Muniz, 83 S. Ct. 1850, 1859 (1963), the seminal case recognizing a federal inmates' right to proceed under the FTCA, the Court found, "it [is] improper to limit suits by federal prisoners because of restrictive state rules of immunity."  Going further, the Court stated:  "And the duty of care owed by Bureau of Prisons to federal prisoners is fixed by 18 U.S.C. § 4042, independent of an inconsistent state rule."

The apparent inconsistency between the language of the statute, requiring the court to apply the law of the place in which the omission occurred and this pronouncement by the Court

this time that summary judgment be denied as to plaintiff's pre-pack out claim.

For the reasons discussed in this opinion, the undersigned recommends that plaintiff"s "post pack-out" claims be dismissed in light of the exception to the waiver of sovereign immunity, as found in 28 U.S.C. § 2680(c).  The undersigned further recommends that summary judgment be denied with leave to reurge as to plaintiff's pre-pack out claims.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions and recommendations within ten (10) days after being served with a copy of the Report and Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Automobile Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Respectfully submitted, this the 1st  day of July, 2006.

       ___s/ James C. Sumner_____

---

has been noted other courts in this circuit.  See Haliq v. U.S., 2001 WL 256115, 2 (March 8, 2001, N.D.Tex.).  On this question, the Haliq court stated:
> Pursuant to the Federal Tort Claims Act, the United States is liable in the same manner and to the same extent as a private individual under like circumstances in accordance with the law of the place where the act or omission occurred. Although the FTCA directs federal courts to look to the law of the place, the Supreme Court, in United States v. Muniz, 374 U.S. 150, 150 (1963)--a case in which the Court ultimately recognized that inmates in federal prison may recover damages from the United States for personal injuries sustained by reason of the negligence of a government employee--found that the duty of care owed by the government to federal prisoners "is fixed by 18 U.S.C. § 4042, independent of an inconsistent state rule."  The Supreme Court's recognition that there is a duty of care defined by section 4042 appears to be inconsistent with the FTCA's general scheme of basing liability upon whether the United States, if a private person, would be liable under the law of the place where the act occurred.  This apparent inconsistency is the source of some debate within this circuit.

UNITED STATES MAGISTRATE JUDGE